**NOT FOR PUBLICATION**                                                          **CLOSED**

# UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**JOEL A. PISANO**
JUDGE

CLARKSON S. FISHER BUILDING &
U.S. COURTHOUSE
402 EAST STATE STREET RM. 2020
TRENTON, NJ 08608
(609) 989-0502

## LETTER OPINION
## ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT

August 16, 2006

      Re:    *Browder v. Ocean County Prosecutor's Office, et al.*, **No. 06-3144 (JAP)**

Dear Parties,

      Currently before the Court is Plaintiff's "Motion to Amend Secound [*sic*.] Complaint and Dismiss First Amended Complaint." For the reasons set forth below, Plaintiff's motion is denied and the First Amended Complaint is dismissed with prejudice.

### Background

      Plaintiff submitted an initial complaint on July 12, 2006 (the "Complaint"). This Court dismissed the Complaint on July 18, 2006 for failure to comply with Fed. R. Civ. P. Rule 8(a)'s mandate that a plaintiff set forth "a short and plain statement of the grounds upon which the court's jurisdiction depends" and for lack of jurisdiction over the subject matter pursuant to Fed. R. Civ. P. Rule 12(b)(1), and ordered that Plaintiff could file an amended complaint that complied with the Federal Rules of Civil Procedure on or before August 15, 2006. Plaintiff submitted an amended complaint on July 20, 2006 (the "First Amended Complaint").

      In the instant motion, Plaintiff explains that she submitted the First Amended Complaint on the same day that she received the Court's July 18, 2006 order, and that the First Amended Complaint was not intended to be responsive to the Court's July 18, 2006 order. In addition, Plaintiff attaches as an exhibit a version of the complaint that Plaintiff asserts is intended to be responsive to the Court's July 18, 2006 order (the "Proposed Second Amended Complaint").

### Discussion

      The Court will address the First Amended Complaint and the motion for leave to file the Proposed Second Amended Complaint in turn.

      *First*, the Court has reviewed Plaintiff's First Amended Complaint and has found that the

First Amended Complaint, like the Complaint, fails to comply with Rule 8 or Rule 12(b)(1).  As with the First Complaint, diversity jurisdiction is lacking since Plaintiff and certain of the defendants are each citizens of New Jersey.  *See Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806) (requiring complete diversity).  In addition, Plaintiff has failed to allege claims on which federal question jurisdiction could be premised.  The First Amended Complaint thus fails to set forth a short and plain statement of the grounds upon which the Court's jurisdiction depends, nor can any for federal subject matter jurisdiction be gleaned from the pleading.  *See* Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 12(b)(1).  Moreover, the First Amended Complaint also fails to set forth a short and plain statement of claims showing that Plaintiff is entitled to relief and fails to plead in a simple, concise, and direct manner.  *See* Fed. R. Civ. P. 8(a),(c).  For example, Plaintiff alleges that certain of the defendants bribed all the New York Yankees players "to move their lips at plaintiff though [*sic*.] the T.V. causing nothing but mental angish [*sic*.] not only for plaintiff but my bosses 10 year old son Nicko causing total defamation, harassment and embarrassment."  Thus, the First Amended Complaint fails to comply with Rule 8 and Rule 12.  Consequently, the First Amended Complaint must be dismissed.

*Second*, the Court concludes that Plaintiff's motion seeking leave to file the Proposed Second Amended Complaint must be denied.  A party may amend her pleading once as a matter of course at any time before a responsive pleading is served.  Fed. R. Civ. P. 15(a).  This provision does not apply because Plaintiff already amended the complaint one time.  Accordingly, Plaintiff may amend the amended complaint only if Plaintiff has written consent of her adversaries or by leave of Court.  Fed. R. Civ. P. 15(a).  There is no indication that any of Plaintiff's adversaries have provided written consent.  Although leave to amend should be "freely given," a district court may deny a motion to amend if it is apparent from the record that "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives; (2) the amendment would be futile; or (3) the amendment would prejudice the other party."  *See, e.g., Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005); *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 292 (3rd Cir.1988).

The Court must deny Plaintiff's motion for leave to amend because the amendment proposed by Plaintiff would be futile.  An amendment is considered futile "if the amendment will not cure [any] deficiency in the original complaint or if the amended complaint cannot withstand a motion to dismiss."  *Jablonski*, 863 F.2d at 292; *see also Boerger v. Commerce Ins. Services*, No. Civ. 04-1337, 2005 WL 3235009, at *3 (D.N.J. Nov. 28, 2005) (indicating that if a proposed amendment is frivolous or states a claim that is legally insufficient on its face, a court may deny leave to amend).  The Proposed Second Amended Complaint would be unable to withstand a motion to dismiss, and, consequently, leave to amend must be denied.

Plaintiff's Proposed Second Amended Complaint again fails to comply with either Rule 8 or Rule 12.  Diversity jurisdiction remains lacking.  Further, while the Proposed Second Amended Complaint lists certain federal statutes, it does no more than set forth that list, largely to sections of the federal criminal code under which no private right of action lies.  *See, e.g., Thompson v. Eva's Village and Sheltering Program*, No. Civ. A. 04-2548 (JAP), 2006 WL

469938, at *6 (Feb. 24, 2006).  Plaintiff has thus failed to comply with Rule 8(a)'s mandate that a plaintiff set forth "a short and plain statement of the grounds upon which the court's jurisdiction depends."  Moreover, the Proposed Second Amended Complaint fails to set forth "a short and plain statement of the claim" showing that Plaintiff is entitled to relief and fails to plead in a simple, concise, and direct manner.  *See* Fed. R. Civ. P. 8(a),(c).  For example, while the caption of the Proposed Second Amended Complaint lists more than thirty Defendants, the text of the Proposed Second Amended Complaint references only two of such Defendants.  The Proposed Second Amended Complaint is devoid of any indication as to what the alleged roles are of, for example, the Postal Service, the NFL Corporation, Viacom, C Amburgery, HBO Corporation, as well as numerous others listed among the Defendants.  Thus, the Proposed Second Amended Complaint fails to comply with Rule 8, Rule 12, and the Court's July 18, 2006 order.  In light of the patent deficiencies plaguing the Proposed Second Amended Complaint, granting leave to amend would be futile.  Consequently, Plaintiff's motion for leave to amend must be denied.

**Conclusion**

For the reasons expressed above, Plaintiff's "Motion to Amend Secound [*sic*.] Complaint and Dismiss First Amended Complaint" is **DENIED**; Plaintiff's First Amended Complaint is **DISMISSED** with prejudice; and this case is **CLOSED**.  An appropriate order accompanies this letter opinion.

/s/ Joel A. Pisano
JOEL A. PISANO
UNITED STATES DISTRICT JUDGE

Original:    Clerk
cc:          Magistrate Judge Hughes; All Parties; File